UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-60929-Civ-COHN
        (06-60350-Cr-COHN)
MAGISTRATE JUDGE P. A. WHITE

KELVIN JEAN-BAPTISTE,          :

        Movant,                :           REPORT OF
                                          MAGISTRATE JUDGE
v.                             :

UNITED STATES OF AMERICA,      :

        Respondent.            :

_____

### I. Introduction

This matter is before the Court on Kelvin Jean-Baptiste's[1] motion to vacate pursuant to Title 28, Section 2255, attacking his sentence for conspiracy with intent to distribute more than five kilograms of cocaine, and possession with intent to distribute more than 500 grams of cocaine following a guilty plea in criminal case number 06-60350.

The Court has reviewed the motion to vacate (Civ-DE# 1), government's response (Civ-DE# 11), petitioner's reply (Civ-DE# 14), and all pertinent portions of the underlying criminal file.

### II. Claims

Construing the *pro se* movant's arguments liberally, he appears to raise the following claims in his Section 2255 motion:

1.   The guilty plea was involuntary because counsel
     misadvised Jean-Baptiste that he had investigated a
     motion to suppress the wiretap, such a motion would

_____

[1] His name appears as Kevin Baptiste in the underlying criminal case.

1

be frivolous, and that Jean-Baptiste should plead
guilty; and

2.    Counsel was ineffective for failing to investigate
and suppress the wiretap evidence, and for
stipulating to the evidence's admissibility.

(Cv-DE# 1).

### III. Procedural History

The relevant procedural history of the underlying criminal
case is as follows. Jean-Baptiste and thirteen co-defendants were
charged in a thirty-two count indictment with offenses related to
drug trafficking. The charges pertaining to Jean-Baptiste are:
Count (1), conspiracy with intent to distribute more than five
kilograms of cocaine (21 U.S.C. §§ 841(a)(1)-(b)(1)(A), 846); and
Count (26), possession with intent to distribute more than 500
grams of cocaine (21 U.S.C. §§ 841(a)(1)-(b)(1)(B)). (Crim-DE# 4).

Jean-Baptiste entered a guilty plea to both counts. He
expressed satisfaction with counsel except that he felt "sad" that
he had not been offered a more favorable plea. (Crim-DE# 634 at 6).
He understood the charges, elements, and possible sentences. (Crim-
DE# 634 at 10-11). He stated his plea was freely entered and that
he had not been coerced:

> THE COURT: Now, has anyone promised you anything in order
> to induce you to enter a guilty plea to Counts One and
> Twenty-Six?
> MR. BAPTISTE: No, Your Honor.
> THE COURT: Has anyone attempted to coerce or threaten or
> promise you in any way something in order to induce you
> to enter a plea of guilty to Counts One and Twenty-Six?
> MR. BAPTISTE: No, Your Honor.

> THE COURT: Are you entering a guilty plea to these two
> counts of your own free will?
> MR. BAPTISTE: Yes, Your Honor.

(Crim-DE# 634 at 12).

In a written factual statement, Jean-Baptiste admitted he participated in distributing cocaine with his co-defendant and brother, Gary Baptiste. He assisted Gary in distributing cocaine, collecting money for cocaine sales, storing drugs and drug proceeds in his residence and speaking with a source of supply regarding price negotiations. (DE# 387). In particular, he handled all cocaine sales and money collections while Gary was in Haiti for several days in November 2006. (Crim-DE# 387). Weapons and over $50,000 in cash were found in Jean-Baptiste's home when a search warrant was executed.

At the sentencing hearing, counsel argued Jean-Baptiste should receive reductions for cooperation, acceptance of responsibility and minor role. Specifically, counsel noted as follows:

> MR. HANDFIELD: Judge, I would just ask the court to
> sentence him at the bottom end of the recommended range,
> the reason being is that **this defendant unlike his
> brother very initially from the very beginning accepted
> responsibility and wanted to plea.**
>     He could not get the benefit of a better plea based
> on the fact the government's position was that they
> wanted both to – defendants to plead, and if his brother
> was not willing to accept responsibility the government
> was not going to allow Kevin unfortunately to receive any
> benefit. And so, therefore, he pled to the court based
> upon the indictment.

3

I would just ask the court to – and emphasize and
beg the court to take that into consideration because
this is not someone – this is someone I would like the
court to know, contrary to his brother who really from
the very beginning wanted to plead and wanted to resolve
this matter. It was held up based upon the fact that I
was trying to convince his brother to do the same.

And so, therefore, I would ask the court to take
that into consideration, as had his brother done the
right thing he would have been in a better position than
he is today. But the Government has that right and that's
the way they proceeded. But I want the court to know that
unlike Gary he wanted to – **it was never his intention on
going to trial**.

(DE# 615 at 20) (emphasis added).

Immediately after defense counsel made the foregoing
statement, Jean-Baptiste addressed the Court:

THE DEFENDANT: I know what I did was wrong, but the time
you're trying to give me I don't think I deserve it. I
know the role I played. I was wrong. I'm sorry. I'm
sorry.

(DE# 615 at 20).

The Court adjudicated Jean-Baptiste guilty of Counts (1) and
(26) and sentenced him to 160 months imprisonment, concurrent,
followed by five years of supervised release. (Crim-DE# 501, 615).

Jean-Baptiste appealed with the assistance of a new lawyer. He
raised sentencing issues relating to firearm enhancement and minor
role reduction. <u>See</u> (Crim-DE# 696). The Eleventh Circuit Court of

4

Appeals affirmed on June 9, 2009. <u>United States v. Baptiste</u>, 335 Fed. Appx. 15 (11th Cir. 2009) (07-15297).

Jean-Baptiste filed the instant motion to vacate on May 28, 2010.

<u>IV. Statute of Limitations</u>

The Government does not contest the timeliness of Jean-Baptiste's motion to vacate.

<u>V. Standard of Review</u>

Section 2255 authorizes a prisoner to move a sentencing court to vacate, set aside, or correct a sentence where "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. §2255(a); <u>see</u> <u>Hill v. United States</u>, 368 U.S. 424, 426-27 (1962). A sentence is otherwise subject to collateral attack if there is an error constituting a "fundamental defect which inherently results in a complete miscarriage of justice." <u>United States v. Addonizio</u>, 442 U.S. 178, 185 (1979); <u>Hill</u>, 368 U.S. at 428.

To prevail on a claim of ineffective assistance of counsel, the movant must establish: (1) deficient performance - that his counsel's representation fell below an objective standard of reasonableness; and (2) prejudice - but for the deficiency in representation, there is a reasonable probability that the result of the proceeding would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668 (1984); <u>Chandler v. United States</u>, 218 F.3d 1305 (11th Cir. 2000)(<i>en banc</i>). In the context of sentencing,

a defendant is required to prove that, if counsel had not performed deficiently, the result of his sentencing proceeding would have been different. <u>Glover v. United States</u>, 531 U.S. 198, 203-204 (2001); <u>Forrester v. United States</u>, 349 Fed. Appx. 528 (11th Cir. 2009).

VI. Discussion

(1)   <u>Involuntary Plea</u>

Jean-Baptiste contends his plea was involuntary because counsel misadvised him that a motion to suppress would have been frivolous.

A defendant who pleads guilty "waives all non-jurisdictional challenges to the constitutionality of the conviction" and may only attack the knowing and voluntary nature of the plea. <u>See</u> <u>Wilson v. United States</u>, 962 F.2d 996 (11th Cir. 1992). To enter into a voluntary plea, the defendant must understand the law in relation to the facts. <u>McCarthy v. United States</u>, 394 U.S. 459 (1969). The court taking the plea must address the defendant personally in open court before accepting the plea "and determine the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement)." Fed. R. Crim. P. 11(b)(1). The court must specifically address three "core principals" ensuring that a defendant "(1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea." <u>United States v. Moriarty</u>, 429 F.3d 1012 (11th Cir. 2005). To ensure compliance with the third core concern, Rule 11(b)(1) provides a list of rights and other relevant matters about which the court is required to inform the defendant prior to accepting the plea, including the right to plead not guilty and be represented by counsel. <u>See</u> <u>id.</u>; Fed. R. Crim. P. 11(b)(1). The defendant's declarations in open court

during the plea colloquy carry "a strong presumption of verity" and cannot be overcome by conclusory or unsupported allegations. <u>Blackledge v. Allison</u>, 431 U.S. 63, 74 (1977); <u>United States v. Medlock</u>, 12 F.3d 185, 187 (11th Cir. 1994).

Jean-Baptiste's attack on counsel's performance in regards to a motion to suppress was waived by his plea. The record reveals that Jean-Baptiste's plea was knowing and voluntary. He understood the charges, elements, and possible sentences, and was aware of the rights he was giving up when entering the plea. He stated he was satisfied with counsel and explained he had not been coerced or pressured to accept the plea. By entering his voluntary guilty plea, Jean-Baptiste told his lawyer not to conduct any further investigation or present any pre-trial or trial proceeding any legal defenses that he may be entitled to as it relates to his case. <u>See</u> <u>McCarthy</u>, 394 U.S. at 459; <u>Wilson</u>, 962 F.2d at 996. Further, the record refutes Jean-Baptiste's claim that he wanted to pursue a motion to suppress, and instead reveals he intended to plead guilty from the start of the case. <u>See</u> (Crim-DE# 615 at 19). His present self-serving contentions to the contrary should be rejected.

Further, Jean-Baptiste has failed to demonstrate that counsel erred by advising him that a motion to suppress would have been frivolous. His conclusory and speculative claim that such a motion would have been granted is not supported by specific factual allegations or the record and cannot support relief. <u>See</u> <u>generally</u> <u>Tejada v. Dugger</u>, 941 F.2d 1551, 1559 (11th Cir. 1991) (conclusory allegations unsupported by the record do not warrant evidentiary hearing).

(2)   <u>Failure to Investigate</u>

Jean-Baptise contends counsel was ineffective for failing to investigate the wiretap evidence and by stipulating to its admissibility.

Jean-Baptiste has waived this claim by entering his knowing and voluntary plea for the reasons set forth in Claim (1), supra, and has failed to demonstrate counsel was deficient.

Based on the foregoing, it is recommended that the motion to vacate be denied, and this case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this <u>13</u><u>TH</u> day of January, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Kelvin Baptiste, *pro se*
      Reg. No. 77178-004
      USP - Atlanta
      U.S. Penitentiary
      Inmate Mail/Parcels
      PO Box 150160
      Atlanta, GA 30315

      Julia J. Vaglienti
      United States Attorney's Office
      500 E Broward Blvd.
      7th Floor
      Fort Lauderdale, FL 33301-3002

      Anne Ruth Schultz
      United States Attorney's Office
      99 NE 4 St.
      Miami, FL 33132